UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEANIE L. MANLEY,                    )      NO. ED CV 16-1179-E
                                     )
              Plaintiff,             )
                                     )
     v.                              )      **MEMORANDUM OPINION**
                                     )
CAROLYN W. COLVIN, Acting            )
Commissioner of Social Security,     )
                                     )
              Defendant.             )
_____)

**PROCEEDINGS**

     Plaintiff filed a Complaint on June 6, 2016, seeking review of
the Commissioner's denial of benefits.  The parties filed a consent to
proceed before a United States Magistrate Judge on July 8, 2016.

     Plaintiff filed a motion for summary judgment on October 18,
2016.  Defendant filed a motion for summary judgment on November 17,
2016.  The Court has taken both motions under submission without oral
argument.  See L.R. 7-15; "Order," filed June 8, 2016.

///

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability since March 18, 2002, based on alleged physical and mental impairments (Administrative Record ("A.R.") 159-63, 170-73, 197-205).  An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff, one of Plaintiff's friends, and a vocational expert (A.R. 17-27, 32-63, 275-332).

The ALJ found Plaintiff not disabled (A.R. 17-27).  According to the ALJ, Plaintiff suffers from severe "blind left eye from trauma; history of left ankle pain without evidence of deformity or arthropathy; history of right wrist trauma without evidence of arthropathy or deformity; and questionable history of Grave's [sic] disease" (A.R. 19).  The ALJ determined that Plaintiff retains the residual functional capacity to perform light work with certain limitations, _i.e._, Plaintiff "can only walk 15 minutes at a time, stand 25 minutes at a time, and after sitting an hour she would need to be able to stand and walk for one minute," and "needs normal breaks every couple of hours" (A.R. 21-22, 24-25 (adopting consultative internal medicine examiner's opinion that Plaintiff could do light work at A.R. 319-23, but adding restrictions based on Plaintiff's testimony regarding her alleged limitations in walking, standing, and sitting at A.R. 47-48, 55-60)).  The ALJ found that a person with this functional capacity could perform the light, unskilled jobs of "cleaner, housekeeping" and "silver wrapper," existing in significant numbers in the national economy (A.R. 26-27 (adopting vocational expert testimony at A.R. 54-62, testimony which the vocational expert

1   said was consistent with the <u>Dictionary of Occupational Titles</u>

2   ("DOT"))).  The Appeals Council considered additional evidence but

3   denied review (A.R. 5-9; <u>see also</u> A.R. 333-36 (additional evidence)).

4

5                                    **STANDARD OF REVIEW**

6

7      Under 42 U.S.C. section 405(g), this Court reviews the

8   Administration's decision to determine if: (1) the Administration's

9   findings are supported by substantial evidence; and (2) the

10   Administration used correct legal standards.  See <u>Carmickle v.</u>

11   <u>Commissioner</u>, 533 F.3d 1155, 1159 (9th Cir. 2008); <u>Hoopai v. Astrue</u>,

12   499 F.3d 1071, 1074 (9th Cir. 2007); <u>see also</u> <u>Brewes v. Commissioner</u>

13   <u>of Social Sec. Admin.</u>, 682 F.3d 1157, 1161 (9th Cir. 2012).

14   Substantial evidence is "such relevant evidence as a reasonable mind

15   might accept as adequate to support a conclusion."  <u>Richardson v.</u>

16   <u>Perales</u>, 402 U.S. 389, 401 (1971) (citation and quotations omitted);

17   <u>see</u> <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1066 (9th Cir. 2006).

18

19      If the evidence can support either outcome, the court may

20      not substitute its judgment for that of the ALJ.  But the

21      Commissioner's decision cannot be affirmed simply by

22      isolating a specific quantum of supporting evidence.

23      Rather, a court must consider the record as a whole,

24      weighing both evidence that supports and evidence that

25      detracts from the [administrative] conclusion.

26

27   <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and

28   quotations omitted).

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis.  See Brewes v. Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence"; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied.  The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

///

---

[1]     The harmless error rule applies to the review of administrative decisions regarding disability.  See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

1    Plaintiff argues that: (1) the walking, standing, and sitting
2    limitations in the ALJ's residual functional capacity assessment
3    equate to a "sit/stand option"; and (2) the DOT is silent on whether
4    particular light work jobs accommodate a sit/stand option; and
5    (3) there is a consequent "apparent conflict" between the vocational
6    expert's testimony and the DOT.  See Plaintiff's Motion, pp. 6-9.  As
7    discussed below, Plaintiff's argument fails to demonstrate any
8    material error.

9

10    SSR 00-4p[2] provides in pertinent part:

11

12        In making disability determinations, we rely primarily
13        on the DOT. . . for information about the requirements of
14        work in the national economy.  We use [the DOT] at steps 4
15        and 5 of the sequential evaluation process.  We may also use
16        [vocational experts]. . . at these steps to resolve complex
17        vocational issues. . . .

18

19        Occupational evidence provided by a [vocational expert]
20        . . . generally should be consistent with the occupational
21        information supplied by the DOT.  When there is an apparent
22        unresolved conflict between [vocational expert]. . .
23        evidence and the DOT, the adjudicator must elicit a
24        reasonable explanation for the conflict before relying on
25        the [vocational expert]. . . evidence to support a
26        determination or decision about whether the claimant is

27    ──────────────────

28        [2]    Social Security Rulings are "binding on ALJs."  Terry
v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

5

1    disabled. . . .

2

3        Neither the DOT nor the [vocational expert]. . .

4    evidence automatically "trumps" when there is a conflict.

5    The adjudicator must resolve the conflict by determining if

6    the explanation given by the [vocational expert]. . . is

7    reasonable and provides a basis for relying on the

8    [vocational expert]. . . testimony rather than on the DOT

9    information.

10

11   See SSR 00-4p (available at 2000 WL 1897804 (Dec. 4, 2000)); see also

12   Gutierrez v. Colvin, 2016 WL 6958646, at *2 (9th Cir. Nov. 29, 2016)

13   ("For a difference between an expert's testimony and the [DOT's]

14   listings to be fairly characterized as a conflict, it must be obvious

15   or apparent").

16

17       In the present case, the ALJ consulted a vocational expert, who

18   testified that there exist significant numbers of two specific jobs

19   performable by a person who can only walk for 15 minutes at one time,

20   stand for 25 minutes at one time, and sit for one hour before needing

21   to stand and walk for one minute, with the overall capacity of

22   walking, standing, and sitting up to six hours each in a workday in

23   some combination, with normal breaks every couple of hours (A.R. 55-

24   56, 60-62).  Contrary to Plaintiff's argument, the vocational expert's

25   testimony (and the ALJ's reliance thereon) did not violate SSR 00-4p.

26

27       The DOT states that a job is "light work" when the job requires

28   walking or standing to a significant degree, or when the job requires

1   sitting most of the time but entails pushing and/or pulling of arm or

2   leg controls.  The DOT is otherwise silent on the specific sitting,

3   standing, and walking requirements of the light work jobs in question,

4   including the issue of whether these jobs can accommodate a sit/stand

5   option.  <u>See</u> "Cleaner, Housekeeper," DOT 323.687-014, 1991 WL 672783

6   (4th Ed. R 1991); "Silver Wrapper," DOT 318.687-018, 1991 WL 672757

7   (4th Ed. R. 1991).  Thus, Plaintiff invites this Court to discern from

8   the mere silence of the DOT an "obvious or apparent" conflict with the

9   testimony of the vocational expert.

10

11   There is no controlling Ninth Circuit authority regarding whether

12   the DOT's silence regarding a sit/stand option is in "obvious or

13   apparent" conflict with a vocational expert's testimony that a person

14   requiring a sit/stand option can perform a particular job.  <u>Compare</u>

15   <u>Dewey v. Coleman</u>, 650 Fed. App'x 512, 514 (9th Cir. 2016) ("<u>Dewey</u>")

16   (no conflict between vocational expert testimony and the DOT regarding

17   whether jobs allow for a sit/stand option because the DOT is silent on

18   the issue; the ALJ properly consulted a vocational expert, who

19   indicated there were jobs the claimant could perform; the vocational

20   expert's testimony did not deviate from the DOT); <u>with</u> <u>Coleman v.</u>

21   <u>Astrue</u>, 423 Fed. App'x 754, 756 (9th Cir. 2011) (conflict between

22   vocational expert testimony and the DOT where the claimant needed to

23   alternate sitting, standing and walking on an hourly basis, and the

24   vocational expert testified that the claimant could perform certain

25   sedentary and light occupations which, by the DOT, involve sitting

26   most of the time or walking or standing to a significant degree; the

27   ALJ erred in failing to ask the vocational expert if the expert's

28   testimony conflicted with the DOT); <u>and</u> <u>Buckner-Larkin v. Astrue</u>, 450

1  Fed. App'x 626, 628-29 (9th Cir. 2011) (any conflict was "addressed
2  and explained" where vocational expert testified that jobs would allow
3  for an at-will sit/stand option and stated that, although the DOT does
4  not discuss a sit/stand option, the expert's opinion was based on his
5  own labor market surveys, experience, and research); see also
6  Laufenberg v. Colvin, 2016 WL 6989756, at *8-9 (C.D. Cal. Nov. 29,
7  2016) (agreeing with Dewey, although acknowledging that district court
8  decisions on the issue are divided); Villalpando v. Colvin, 2016 WL
9  6839342, at *4-5 (C.D. Cal. Nov. 21, 2016) (same).

10

11      This Court agrees with Dewey.  There is no "obvious or apparent
12  conflict" between the DOT and a vocational expert's testimony that a
13  particular job can accommodate a sit/stand option.  "[T]o hold
14  otherwise would mean that [vocational experts] always create conflicts
15  with the DOT whenever they mention any of the multitude of things
16  about a job not expressly addressed in the DOT." Laufenferg v.
17  Colvin, 2016 WL 6989756, at *9.  Neither SSR 00-4p nor Ninth Circuit
18  jurisprudence appears to require the discernment of such omnipresent
19  "conflicts."  Therefore, even if the ALJ's residual functional
20  capacity determination properly may be characterized as requiring a
21  sit/stand option, there was no material error in the administrative
22  decision.  See Dewey, 650 Fed. App'x at 514.

23

24      An ALJ properly may consult a vocational expert to identify
25  unskilled jobs performable by a person who must alternate sitting and
26  standing.  See Aukland v. Massanari, 257 F.3d 1033, 1036 (9th Cir.
27  2001) ("the Commissioner has ruled that in circumstances such as
28  Aukland's, where a claimant is only qualified for unskilled jobs and

1 is unable to sit for prolonged periods, the services of a vocational

2 expert are required") (citing SSR 83-12).[3]  Here, the ALJ properly

3 relied on the vocational expert's identification of specific jobs

4 performable by a person with Plaintiff's residual functional capacity.

5 See generally Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir.

6 2005).  The ALJ's decision was supported by substantial evidence and

7 was free from material legal error.  See Bray v. Commissioner, 554

8 F.3d 1219, 1222 (9th Cir. 2009).

9 ///

10 ///

11 ///

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 _____

21      [3]    SSR 83-12 provides:

22     [M]ost jobs have ongoing work processes which demand
that a worker be in a certain place or posture for at

23 least a certain length of time to accomplish a certain
task.  Unskilled types of jobs are particularly

24 structured so that a person cannot ordinarily sit or
stand at will.  In cases of unusual limitation of

25 ability to sit or stand, a [vocational specialist]
should be consulted to clarify the implications for the

26 occupational base.

27

28 See SSR 83-12 (available at 1983 WL 31253 (Jan. 1, 1983))
(emphasis added).

1                              **CONCLUSION**

2

3        For all of the foregoing reasons, Plaintiff's motion for summary

4   judgment is denied and Defendant's motion for summary judgment is

5   granted.

6

7        LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9            DATED: December 12, 2016.

10

11                                     _____/s/_____
                                        CHARLES F. EICK
12                        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28